**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| Harold H. Pavilack, | ) | Case No. 10-06503-JW |
| | ) | |
| Debtor. | ) | |

**DEBTOR'S APPLICATION (1) TO APPOINT MCARTHY LAW FIRM, LLC AS BANKRUPTCY COUNSEL PURSUANT TO 11 U.S.C. §327(a) AND (2) FOR AUTHORITY TO PAY A RETAINER**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

Harold H. Pavilack, ("Debtor") hereby applies to this Court for entry of an order: (1) approving the retention of McCarthy Law Firm, LLC (the "Firm") as Counsel for the Debtor during this Chapter 11 case in accordance with Firm's normal hourly rates and expense reimbursement policies; and (2) for authority to pay Firm's retainer from a non-debtor entity owned and controlled by the Debtor (collectively referred to herein as the "Application"). In support of the Application, the Debtor respectfully represents as follows:

## Introduction

1. This Court has subject matter jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The Court can exercise its subject matter jurisdiction pursuant to 28 U.S.C. §157(b)(1). Venue of these proceedings and the Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 327(a) and 105(a) of the Bankruptcy Code.

## Background

2. On August 20, 2010, an involuntary Chapter 7 Petition ("Involuntary Petition") for Harld H. Pavilack was filed in this Court, Case No. 10-5998-JW.

3. On September 7, 2010, the Debtor filed a voluntary Chapter 11 Petition in this Court , Case No. 10-06503-JW ("Voluntary Petition").

4. That same day, the Debtor filed his answer to the Involuntary Petition consenting to be a debtor under Chapter 11 proceedings (Dockt No. 27 In Case No. 10-05998-JW).

5. On September 16, 2010, an order was entered by this Court granting the Motion filed by Wells Fargo Bank, N.A. Requesting the Appointment of an Examiner ("Examiner Motion").

6. An Examiner has been selected, but his application is still pending.

7. Currently both the Involuntary Petition, and the Voluntary Petition are still pending.

8. The Debtor is engaged in reorganizing and liquidating its assets as debtor in possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code.

### Firm's Appointment and Retention

9. The Debtor has selected Firm as its counsel because the Firm has extensive experience and knowledge in the field of debtors' and creditors' rights and Chapter 11 reorganizations under the Bankruptcy Code in addition to extensive expertise, experience, and knowledge practicing before the Bankruptcy Court for the District of South Carolina. In preparing for this case, Firm has started to become familiar with the Debtors' factual background and the legal issues relating to this matter. Accordingly, the Debtor believes that the Firm is both well qualified and uniquely able to represent him in this matter. If the Debtor was required to retain counsel other than Firm in connection with the prosecution of this chapter 11 case, the Debtor, his estate, and all parties in interest would be unduly prejudiced by the time and expense required for such counsel to become familiar with the legal and factual issues regarding the Debtor.

10. As set forth in the Affidavit of G. William McCarthy, Jr. (the "McCarthy Affidavit"), a member of Firm, Firm discloses the following:

   a. William E.S. Robinson, a former partner of G. William McCarthy, Jr., was appointed by the U. S. Trustee's Office as examiner and trustee in various cases prior to his death in June, 1993. G. William McCarthy, Jr. has been appointed by the U. S. Trustee's Office as a trustee in the case of Leevy's Funeral Home, Inc. (BK NO. 94-75327) and Santee River Rubber Company, LLC (BK NO. 00-09624-W). Firm asserts that this connection <u>does</u> <u>not</u> create an interest adverse to the Debtor, his estate, or his creditors.

   b. Barbara George Barton, a former partner of G. William McCarthy, Jr., currently shares office space and support staff with the Firm. In any matter in which the

Firm and Barbara George Barton are both involved, the Firm quarantines the relevant client file and ensures that common support staff is not shared in regard to such matters. Ms. Barton does not appear to be involved in these proceedings. However, even if Ms. Barton were to become involved in these matters, Firm asserts that this connection <u>would</u> <u>not</u> create an interest adverse to the Debtor, his estate, or his creditors.

c. William E. Calloway, Jr., another former partner of G. William McCarthy, Jr., is now a business consultant who performs various roles for financially troubled companies. Mr. Calloway was hire pre-petition by the Debtor to act as a consultant. It is unclear at this time what role, if any, Mr. Calloway may have in these proceedings going forward. Firm asserts that this connection <u>does</u> <u>not</u> create an interest adverse to the Debtor, his estate, or his creditors.

d. Nancy E. Johnson is another former partner of G. William McCarthy, Jr. Mrs. Johnson does not appear to be involved in these proceedings. However, Firm regularly appears opposite Ms. Johnson and such connection would not prevent Firm from taking an adverse position to that of Ms. Johnson or her client. Firm asserts that this connection <u>does</u> <u>not</u> create an interest adverse to the Debtor, his estate, or his creditors.

e. Sean P. Markham, an associate employed with Firm, is represented by Nelson Mullins Riley & Scarborough LLP ("NMRS") in a non-bankruptcy matter unrelated to this case. NMRS does not appear to be involved in these proceedings. However, Firm regularly appears opposite NMRS and such connection would not prevent Firm from taking an adverse position to that of NMRS or their client. Firm asserts that this connection <u>does</u> <u>not</u> create an interest adverse to the Debtor, its estate, or its creditors.

f. Because Firm is engaged in the practice of bankruptcy law, it has frequent contact in other cases with professionals involved in the practice of bankruptcy law such as bankruptcy attorneys and other professionals who regularly appear in bankruptcy matters, specifically including the proposed examiner in this matter, all three (3) United States Bankruptcy Judges for the District of South Carolina, the United States Trustee for the Fourth Circuit, the Assistant United States

    Trustee and Trial Attorneys for the District of South Carolina, and their bankruptcy analysts and paralegals (the Office of the United States Trustee), as well as counsel for debtors and creditors around the State of South Carolina and the Southeast. However, Firm <u>does</u> <u>not</u> believe that any such connections and prior interactions create an interest adverse to the Debtor, his estate, or his creditors.

  g. Because Firm is engaged in the practice of bankruptcy law and engages in state court workouts, Firm often represents debtors with the same or similar creditors to the Debtor herein. Many of the creditors and parties in interest currently shown on the Debtor's mailing matrix in this matter have been creditors and interested parties in other matters in which Firm has appeared. Except as specifically set forth herein, Firm does not and has not represented such creditors or parties in interest. Firm <u>does</u> <u>not</u> believe that any such connections create an interest adverse to the Debtor, his estate, or his creditors.

  h. Crescent Bank is a creditor of the Debtor or interested party in this matter. From time to time, Firm represents Crescent Bank as a creditor in matters before this Court, including certain matters which are currently ongoing in this Court. However, Crescent Bank already appears to have separate counsel in this matter, and Firm does not and will not represent Crescent Bank in any way related to this matter. Crescent Bank has signed a general waiver of any and all conflicts that may be created by Firm representing Debtors in matters unrelated to Firm's Crescent Bank representations. Additionally, the Debtor herein has been consulted about this connection and specifically waives any and all conflicts resulting from Firm's unrelated representations of Crescent Bank in other matters. Firm asserts that this connection <u>does</u> <u>not</u> create any interest adverse to the Debtor, his estate, or his creditors.

11. Despite the foregoing connections, the Debtor believes that the Firm does not hold or represent an interest adverse to the Debtor's estate. The Debtor believes that the Firm is a "disinterested person" as that term is defined in 11 U.S.C. §101(14).

12. Except as disclosed herein above and in the McCarthy Affidavit, the Debtor believes Firm has no connection with any creditors or other parties in interest, their respective

4

attorneys and accountants, the U. S. Trustee, or any person employed in the office of the U. S. Trustee which should disqualify it from representing the Debtor. If any further connections are discovered, Firm will further disclose any such connections as they are discovered. In preparing this Application Firm reviewed the Court's mailing matrix for this matter and consulted with the U.S. Trustee and other counsel involved herein to determine what, if any, Firm might have.

13. The professional services that the Firm will render to the Debtor may include, but shall not be limited to, the following:

  a. Advising the Debtor of its rights, powers and duties;
  b. Attending meetings with the Debtor and hearings before the Court;
  c. Assisting other professionals retained by the Debtor in the investigation of the acts, conduct, assets, liabilities and financial condition of the Debtor, and any other matters relevant to the case or to the formulation of a plan of reorganization or liquidation;
  d. Investigating the validity, extent, and priority of secured claims against the Debtor's estate, and investigating the acts and conduct of such secured creditors to determine whether any causes of action may exist;
  e. Advising the Debtor with regard to the preparation and filing of all necessary and appropriate applications, motions, pleadings, draft orders, notices, schedules, and other documents, and reviewing all financial and other reports to be filed in these matters;
  f. Advising the Debtor with regard to the preparation and filing of responses to applications, motions, pleadings, notices and other papers that may be filed and served in these chapter 11 cases on behalf of the Debtor; and,
  g. Performing other necessary legal services for and on behalf of the Debtor that may be necessary or appropriate in the administration of this Chapter 11 case.

14. The Firm intends to apply for compensation for professional services rendered in connection with this Chapter 11 case, subject to this Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, the Local Rules, Orders of this Court, and the Office of the United States Trustee Guidelines, on an hourly basis plus reimbursement for actual, necessary expenses and other charges that the Firm incurs. The Firm will charge its normal and customary hourly rates consistent with the rates Firm charges in bankruptcy and non-bankruptcy

matters of this type.

15. Currently, the Firms hourly rates vary from $150.00 to $425.00 per hour for Firm's attorneys and from $100.00 to $125.00 per hour for bankruptcy paralegals and assistants. The hourly rates for the attorneys who will be primarily involved in this matter are as follows: $400.00 per hour for senior partner G. William ("Bill") McCarthy, Jr., $325.00 per hour for junior partner Daniel J. ("D.J.") Reynolds, Jr., $200.00 per hour for associate Sean P. Markham, $200.00 per hour for associate W. Harrison Penn, and $150.00 per hour for associate Michael J. Pitch. The Firm's hourly rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments, without further notice to the Court or any other entity, to reflect economic and other conditions and are consistent with the rates charged in non-bankruptcy matters of this type.

16. The Firm has stated its desire and willingness to act in this case and render the necessary professional services as counsel for the Debtor. To the best of the Debtor's knowledge, the members and associates of the Firm do not have any connection with or any interest adverse to the Debtor or any other party in interest, or their respective attorneys and accountants, except as may be set forth hereinabove and in the McCarthy Affidavit.

17. The Debtor understands that the Firm hereafter intends to apply for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the District of South Carolina, and as otherwise allowed by order of this Court for all services performed and expenses incurred after the Petition Date.

18. Pursuant to section 327(a) of the Bankruptcy Code, the Debtor-in-Possession, with the court's approval, may employ one or more attorneys or other professional persons that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent and assist the Debtor in carrying out the Debtor's duties. The Debtor submits that the most reasonable terms and conditions are those charged by the Firm to its clients on a daily basis in a competitive market for legal services. Therefore, the Debtor and the Firm have agreed that the Firm shall be paid its customary hourly rates for services rendered that are in effect from time to time, as set forth herein and in the McCarthy Affidavit, and shall be reimbursed according to

the Firm's customary reimbursement policies.

19. The Debtor believes that it is necessary and in the best interest of the Debtor and his estate to retain and employ the Firm to render the above-described professional services on its behalf.

20. The Debtor and Firm realize that the terms of the employment of Firm are subject to the approval of the Court.

### Authority to Pay Retainer to Firm

21. On or about September 9, 2010, this Court entered an Order Prohibiting Debtor from Using, Acquiring, or Disposing of Assets (the "Sept. 9 Order"). The Sept. 9 Order states, in relevant part, ". . . the Debtor is prohibited from using, acquiring, or disposing of assets, property, or other interests of the Debtor or entities controlled by the Debtor except upon the express terms of any further order of this Court."

22. On or about September 16, 2010, this Court entered an Order Appointing Chapter 11 Examiner (the "Examiner Order"). The Examiner Order states, in relevant part, "[t]he Debtor, or any entity controlled or managed by the Debtor, shall make no expenditures without prior approval of the Examiner and disclosure to the Examiner of the source of funds to be expended. However, approval of expenditures by the Examiner shall not serve to limit the requirements for use of cash collateral under the Bankruptcy Code or any cash collateral order entered in this case."

23. As part of its normal fee structure, Firm requires a retainer for its services against which it charges its hourly rates upon Court approval of Firm's fees where required. After reviewing the PACER file in this matter and consulting with the U.S. Trustee and certain professionals in this case, Firm has requested a retainer of $50,000 (the "Retainer") from the Debtor as a condition precedent to its representation of Debtor.

24. Debtor has paid the Retainer from a non-debtor entity, Pavilack Mills Corp., which is an entity owned and controlled by the Debtor. Firm is holding the Retainer in its trust account pending approval of this payment by the Court. However, pursuant to the Sept. 9 Order, the Debtor must obtain approval of the Court prior to using funds of "entities controlled by the Debtor". Additionally, pursuant to the Examiner Order, the Debtor must obtain approval of the Examiner and disclose to the Examiner the source of funds to be expended prior to making any expenditures.

7

25. Firm consulted with the U.S. Trustee and subsequently with the proposed Examiner in this matter, and the Examiner did not express an objection to payment of Firm's retainer in this matter.

26. Based upon the foregoing, the Debtor requests approval of Court for a payment to Firm of the Retainer from Pavilack Mills Corp. as a condition precedent to the representation in this matter.

27. The Retainer amount of $50,000 will continue to be held in escrow by Firm pending application and approval of its fees in this matter.

WHEREFORE, the Debtor requests that the Court: (1) approve the retention of the McCarthy Law Firm, LLC under the terms specified herein as counsel for the Debtor in this matter, with compensation and reimbursement to be paid as an administrative expense in such amounts as may be allowed by the Court pursuant to sections 330, 331 and 507(a); (2) authorize the payment of a $50,000 retainer to Firm for its services; and (3) grant such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED on this the 23rd day of September 2010, at Columbia, South Carolina.

       /s/Harold H. Pavilack
By:   Harold H. Pavilack
       Chapter 11 Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| Harold H. Pavilack, | ) | Case No. 10-06503-jw |
| | ) | |
| Debtor. | ) | |

**AFFIDAVIT OF G. WILLIAM McCARTHY, JR.**

G. WILLIAM McCARTHY, JR., being duly sworn, deposes and says:

1. I am an attorney at law in good standing and duly admitted to practice law in the State of South Carolina and before this Court. I am a member/partner of McCarthy Law Firm, LLC (the "Firm"), which Firm is located at 1715 Pickens Street, Columbia, South Carolina 29201.

2. I submit this Affidavit in connection with the Application of Harold H. Pavilack (the "Debtor") for entry of an order: (1) authorizing the employment and retention of the Firm, at its normal hourly rates in effect from time to time and in accordance with its normal reimbursement policies, as counsel for the Debtor; and (2) authorizing payment of the $50,000 retainer requested by Firm (the "Application").

3. I also submit this Affidavit to provide disclosure required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure.

4. Except as set forth herein, to the best of my knowledge, after due inquiry, neither I nor any other partner or associate of the Firm represent any party in interest other than the Debtor in these Chapter 11 cases.

5. Firm discloses the following:

   a. William E.S. Robinson, a former partner of G. William McCarthy, Jr., was appointed by the U. S. Trustee's Office as examiner and trustee in various cases prior to his death in June, 1993. G. William McCarthy, Jr. has been appointed by the U. S. Trustee's Office as a trustee in the case of Leevy's Funeral Home, Inc. (BK NO. 94-75327) and Santee River Rubber Company, LLC (BK NO. 00-09624-W). Firm asserts that this connection does not create an interest adverse to the Debtor, his estate, or his creditors.

9

b. Barbara George Barton, a former partner of G. William McCarthy, Jr., currently shares office space and support staff with the Firm. In any matter in which the Firm and Barbara George Barton are both involved, the Firm quarantines the relevant client file and ensures that common support staff is not shared in regard to such matters. Ms. Barton does not appear to be involved in these proceedings. However, even if Ms. Barton were to become involved in these matters, Firm asserts that this connection <u>would</u> <u>not</u> create an interest adverse to the Debtor, his estate, or his creditors.

c. William E. Calloway, Jr., another former partner of G. William McCarthy, Jr., is now a business consultant who performs various roles for financially troubled companies. Mr. Calloway was hire pre-petition by the Debtor to act as a consultant. It is unclear at this time what role, if any, Mr. Calloway may have in these proceedings going forward. Firm asserts that this connection <u>does</u> <u>not</u> create an interest adverse to the Debtor, his estate, or his creditors.

d. Nancy E. Johnson is another former partner of G. William McCarthy, Jr. Mrs. Johnson does not appear to be involved in these proceedings. However, Firm regularly appears opposite Ms. Johnson and such connection would not prevent Firm from taking an adverse position to that of Ms. Johnson or her client. Firm asserts that this connection <u>does</u> <u>not</u> create an interest adverse to the Debtor, his estate, or his creditors.

e. Sean P. Markham, an associate employed with Firm, is represented by Nelson Mullins Riley & Scarborough LLP ("NMRS") in a non-bankruptcy matter unrelated to this case. NMRS does not appear to be involved in these proceedings. However, Firm regularly appears opposite NMRS and such connection would not prevent Firm from taking an adverse position to that of NMRS or their client. Firm asserts that this connection <u>does</u> <u>not</u> create an interest adverse to the Debtor, its estate, or its creditors.

f. Because Firm is engaged in the practice of bankruptcy law, it has frequent contact in other cases with professionals involved in the practice of bankruptcy law such as bankruptcy attorneys and other professionals who regularly appear in bankruptcy matters, specifically including the proposed examiner in this matter,

10

  all three (3) United States Bankruptcy Judges for the District of South Carolina, the United States Trustee for the Fourth Circuit, the Assistant United States Trustee and Trial Attorneys for the District of South Carolina, and their bankruptcy analysts and paralegals (the Office of the United States Trustee), as well as counsel for debtors and creditors around the State of South Carolina and the Southeast. However, Firm <u>does</u> <u>not</u> believe that any such connections and prior interactions create an interest adverse to the Debtor, his estate, or his creditors.

 g. Because Firm is engaged in the practice of bankruptcy law and engages in state court workouts, Firm often represents debtors with the same or similar creditors to the Debtor herein. Many of the creditors and parties in interest currently shown on the Debtor's mailing matrix in this matter have been creditors and interested parties in other matters in which Firm has appeared. Except as specifically set forth herein, Firm does not and has not represented such creditors or parties in interest. Firm <u>does</u> <u>not</u> believe that any such connections create an interest adverse to the Debtor, his estate, or his creditors.

 h. Crescent Bank is a creditor of the Debtor or interested party in this matter. From time to time, Firm represents Crescent Bank as a creditor in matters before this Court, including certain matters which are currently ongoing in this Court. However, Crescent Bank already appears to have separate counsel in this matter, and Firm does not and will not represent Crescent Bank in any way related to this matter. Crescent Bank has signed a general waiver of any and all conflicts that may be created by Firm representing Debtors in matters unrelated to Firm's Crescent Bank representations. Additionally, the Debtor herein has been consulted about this connection and specifically waives any and all conflicts resulting from Firm's unrelated representations of Crescent Bank in other matters. Firm asserts that this connection <u>does</u> <u>not</u> create any interest adverse to the Debtor, his estate, or his creditors.

6. Despite the foregoing connections, I believe that Firm does not hold or represent an interest adverse to the Debtor or the estate of the Debtor and that Firm is a "disinterested person" as that term is defined in 11 U.S.C. §101(14). Firm and its attorneys:

11

    a. are not creditors, equity security holders, or insiders of the Debtor.

    b. are not and were not ever directors, officers, or employees of the Debtor;

    c. do not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders by reason of a direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason; and

    d. have not represented any other party in interest in connection with any matters relating to the Debtor.

7. Except as disclosed herein above, I believe the Firm has no connection with the Debtors, creditors or other parties in interest, their respective attorneys and accountants, the U. S. Trustee, or any person employed in the office of the U. S. Trustee which should disqualify it from representing the Debtor.

8. In preparing this Affidavit, I reviewed the mailing matrix in this matter, consulted with the Office of the United States Trustee, and further consulted with other counsel involved in this matter. I compared the names on the mailing matrix to the names of clients that I have represented over the past approximately 25 years and consulted with other attorneys in the Firm as to any connections they may have. After completing this procedure, I determined that the Firm has no connections with the Debtor or its creditors except as set forth herein.

9. The professional services that the Firm proposes to undertake for the Debtor may include, but shall not be limited to, the following:

    a. Advising the Debtor of its rights, powers and duties;

    b. Attending meetings with the Debtor and hearings before the Court;

    c. Assisting other professionals retained by the Debtor in the investigation of the acts, conduct, assets, liabilities and financial condition of the Debtor, and any other matters relevant to the case or to the formulation of a plan of reorganization or liquidation;

    d. Investigating the validity, extent, and priority of secured claims against the Debtor's estate, and investigating the acts and conduct of such secured creditors to determine whether any causes of action may exist;

    e. Advising the Debtor with regard to the preparation and filing of all necessary and appropriate applications, motions, pleadings, draft orders, notices, schedules, and other documents, and reviewing all financial and other reports

        to be filed in these matters;

    f. Advising the Debtor with regard to the preparation and filing of responses to applications, motions, pleadings, notices and other papers that may be filed and served in these chapter 11 cases on behalf of the Debtor; and,

    g. Performing other necessary legal services for and on behalf of the Debtor that may be necessary or appropriate in the administration of this Chapter 11 case.

10. The terms of Firm's employment are subject to the approval of the Court. The Firm intends to apply for compensation of professional services rendered in connection with the Chapter 11 case, subject to this Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, the Local Rules, and Orders of this Court, and the Office of the United States Trustee Guidelines, on an hourly basis plus reimbursement for actual, necessary expenses and other charges at Firm's normal and customary reimbursement rate. The Firm will charge its normal and customary hourly rates consistent with the rates Firm charges in bankruptcy and non-bankruptcy matters of this type.

11. Currently, the Firms hourly rates vary from $150.00 to $425.00 per hour for Firm's attorneys and from $100.00 to $125.00 per hour for bankruptcy paralegals and assistants. The hourly rates for the attorneys who will be primarily involved in this matter are as follows: $400.00 per hour for senior partner G. William ("Bill") McCarthy, Jr., $325.00 per hour for junior partner Daniel J. ("D.J.") Reynolds, Jr., $200.00 per hour for associate Sean P. Markham, $200.00 per hour for associate W. Harrison Penn, and $150.00 per hour for associate Michael J. Pitch. The Firm's hourly rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments, without further notice to the Court or any other entity, to reflect economic and other conditions and are consistent with the rates charged in non-bankruptcy matters of this type.

12. As a condition precedent to its representation in this matter, Firm has requested payment of and received a $50,000 retainer (the "Retainer") upon information and belief from Pavilack Mills Corp., an entity owned and controlled by the Debtor. As a part of the Application, as required by previous orders entered in this matter, the Debtor has requested the Court's authority to pay the Retainer from Pavilack Mills Corp. Firm currently holds the

Retainer in its trust account pending Court authorization of the Retainer payment.  Upon approval of payment of the Retainer, Firm will hold the Retainer in escrow pending application for and approval of its fees from the Bankruptcy Court prior to drawing down any portion of the Retainer for its post-petition services.

13. No promises have been received by Firm or any member or attorney thereof as to payment or compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.  The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm or such other entity.

14. The foregoing is intended to constitute the Firm's statements pursuant to, *inter alia*, sections 327, 330 and 331 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

15. Unless otherwise stated in this Affidavit, I have personal knowledge of the facts set forth herein.  To the extent any information disclosed herein requires amendment or modification upon the Firm's completion of further review or as additional information becomes available to it, a supplemental Affidavit will be submitted to the Court reflecting such amended or modified information.

/s/G. William McCarthy, Jr.
G. William McCarthy, Jr., I.D.#2762
Affiant
1715 Pickens Street
P. O. Box 11332
Columbia, SC  29211-1332
(803) 771-8836

SWORN AND SUBSCRIBED before me on
this the 24th day of September, 2010.

/s/Susan Y. Stancil_
NOTARY PUBLIC FOR SOUTH CAROLINA
MY COMMISSION EXPIRES: 3/14/2011