## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re:<br><br>Harold H. Pavilack<br><br>Debtor. | Chapter 11<br><br>Case No. 10-06503-JW |

**CONSENT ORDER LIMITING THE SCOPE OF EXAMINER AUTHORITY**

The relief set forth on the following pages, for a total of 4 pages including this page, is hereby **ORDERED**.

---

**FILED BY THE COURT**
**11/03/2010**



*signature*

Chief US Bankruptcy Judge
District of South Carolina

Entered: 11/04/2010

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 10-06503-JW |
| Harold H. Pavilack | |
| Debtor. | |

## CONSENT ORDER LIMITING THE SCOPE OF EXAMINER AUTHORITY

**THIS MATTER** is before the Court following the appointment Marty P. Ouzts ("Accountant") as accountant with expanded powers for Harold H. Pavilack ("Debtor"). On September 10, 2010, Wells Fargo Bank, N.A., successor-in-interest to Wachovia Bank, National Association, Atlantic Bank & Trust, First Federal Savings and Loan Association of Charleston, and Crescent Bank (collectively, "Petitioning Creditors") filed a Motion to Appoint Examiner Pursuant to 11 U.S.C. § 1104(c)[1] ("Examiner Motion"). The Petitioning Creditors Examiner Motion was granted by order of the Court on September 16, 2010. The Court's September 16, 2010 order provided:

> The Debtor, or any entity controlled or managed by the Debtor, shall make no expenditures without prior approval of the Examiner and disclosure to the Examiner of the source of funds to be expended. However, approval of expenditures by the Examiner shall not serve to limit the requirements for use of cash collateral under the Bankruptcy Code or any cash collateral order entered in this case.

*In re Pavilack*, C/A No. 10-06503-jw, slip op. at 3 (Bankr. D.S.C. Sept. 16, 2010). The Office of the United States Trustee ("UST") filed an Application for Order Approving the Appointment of Examiner seeking the appointment of George DuRant ("Examiner") on September 20, 2010. Subsequently the Court entered an order approving the appointment of Examiner on September 24, 2010.

Accountant was employed by the Estate and granted expanded powers in the Court's order

---

[1] Further reference to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, will be by section number only.

entered October 14, 2010. Pursuant to the Court's October 14, 2010 Order, Accountant was granted temporary approval of expanded powers to manage and administer the Debtor's estate until the permanent expansion of Accountant's powers as a Bankruptcy Restructuring Professional can be heard by the Court on November 3, 2010. Accountant's temporarily expanded powers include:

> 3. Sole responsibility for approval and signing of all checks drawn on the Debtor and any business owned, managed or controlled by the Debtor (except for the trust accounts at Harry Pavilack and Associates, PA, and Pavilack Law Firm, LLC);
> 4. Review and approval, but not signing authority, for trust account checks drawn on the law firms Harry Pavilack and Associates, PA, and Pavilack Law Firm, LLC (signatory for both law firms is Cheevin "Lex" Gardner);
> 5. Review and approval, and signing authority, for checks drawn on the operating accounts of the law firms Harry Pavilack and Associates, PA and Pavilack Law Firm, LLC.
> 6. Taking possession of the Debtor's books and records and preserving same;
> 7. Taking possession of any the books and records of any entities owned, managed or controlled by the Debtor and preserving the same;

*In re Pavilack*, C/A No. 10-06503-jw, slip op. at 1-2 (Bankr. D.S.C. Oct. 14, 2010) (Unpublished).

This matter was submitted for the consent of the UST. The UST does not oppose limiting the Examiner's responsibilities, but asserts his consent to this order is not necessary. It appearing that there is substantial overlap between the obligations and duties of Examiner and Accountant, and with the consent of the parties listed below, it is hereby:

**ORDERED, ADJUDGED AND DECREED** that expenditures by the Debtor and entities owned, managed, and controlled by the Debtor may be made upon approval of Accountant, without prior approval of the Examiner. Examiner's powers will be retrospective as of the date of the involuntary filing, August 20, 2010. Accountant's powers will be prospective from the date of the involuntary filing, August 20, 2010.

**(Signature Page Follows This Page.)**

**WE SO AGREE AND CONSENT:**

MCCARTHY LAW FIRM, LLC

By:   /s/G. William McCarty Jr.
G. William McCarthy, Jr., I.D.#2762
Daniel J. Reynolds, Jr., I.D.#9232
Sean P. Markham, I.D. #10145
Attorney for the Debtor-in-Possession
P.O. Box 11332
Columbia, SC 29211-1332
(803) 771-8836
(803) 779-0267 (fax)


LEVY LAW FIRM, LLC

/s/R. Geoffrey Levy
R. Geoffrey Levy, I.D. #2666
Attorney for the Examiner
Levy Law Firm, LLC
2300 Wayne Street
Columbia, SC 29201
(803) 256-4693
(803) 779-5245 (fax)


ALTMAN & COKER, LLC

BY: /s/Charles S. Altman
Charles S. Altman I.D. #1064
Attorney for Crescent Bank
P.O. Box 265
Charleston, SC 29402
Tel: (843) 853-9907
Fax: (843) 853-9838
caltman@altmancoker.com

CLAWSON & STAUBES, LLC

By:  /s/J. Ronald Jones, Jr.
J. Ronald Jones, Jr.
Attorney for First Federal Savings and Loan
Association of Charleston
126 Seven Farms Dr.,
Suite 200
Charleston, SC 29492
(843) 577-2026
(843) 722-2867 facsimile
rjones@clawsonandstaubes.com


MOORE & VAN ALLEN PLLC

By:  /s/David B. Wheeler
David B. Wheeler, I.D. No. 4601
Reid E. Dyer, I.D. No. 10723
Attorney for Wells Fargo Bank, N.A.
Attorney for Atlantic Bank & Trust
40 Calhoun Street, Suite 300
Post Office Box 22828
Charleston, SC 29413-2828
(843) 579-7015
(843) 579-8727 facsimile
davidwheeler@mvalaw.com